

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00473-CR

ADAM GENE CAMPBELL                                         APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
## TRIAL COURT NO. CR14-0246

----------

## MEMORANDUM OPINION[1]

----------

Adam Gene Campbell brings two issues challenging his conviction and fifteen-year sentence of confinement for evading arrest: (1) the trial court harmfully erred by refusing to include an article 38.23 instruction in the jury charge and (2) the evidence is insufficient to prove that appellant knew the officer

---

[1]*See* Tex. R. App. P. 47.4.

named in the indictment and charge was a peace officer attempting to arrest him. We affirm.

## Background Facts

A Fort Worth police officer attempted to pull over the driver of a yellow Pontiac in the city of Fort Worth, but the driver did not stop. The officer followed the car through a residential neighborhood where the driver continued to increase speed, onto Interstate 35, and then further onto westbound Interstate 30. Finally, the on-duty captain ordered the officer to stop the pursuit. Fort Worth police determined that the car was registered to a Mineral Wells address. The Fort Worth police then informed law enforcement agencies west of Fort Worth and Tarrant County about the yellow Pontiac.

A Parker County Sheriff's Office dispatcher testified that she received a phone call about the yellow Pontiac's being involved in a "potential evading"; she in turn passed along the information to the Department of Public Safety in Mineral Wells. In Parker County, Officer Marshall Clark of the Hudson Oaks Police Department got a cell phone call from an off-duty Hudson Oaks police officer, who told Officer Clark about the chase in Fort Worth and that the yellow Pontiac had last been seen by Fort Worth police headed west. Officer Clark drove his car to a location facing eastbound where he could spot a car going west on Interstate 20.[2] He eventually saw a yellow Pontiac heading west on I-20,

---

[2]I-30 merges into I-20 west of Fort Worth.

"travelling at a high rate of speed" and "driving erratically." The amount of traffic was moderate, and the yellow car was with a pack of other cars, which it was passing in the left of the three lanes. Officer Clark made a U-turn into the westbound lanes of I-20 and attempted to catch up with the car; he "immediately observed the car accelerate at a greater speed and start passing vehicles on the right shoulder." He turned on his lights and sirens, but the driver did not stop. Officer Clark saw the car "travelling at a higher than usual speed for the area . . . [,] weaving in and out of traffic[,] and passing cars on the . . . right shoulder, which is illegal." He believed the driver was being reckless and endangering other drivers on the road. The other vehicles slowed, yielded to Officer Clark, and moved to the right. Officer Clark caught up to the yellow car and moved "directly behind" it.

When Officer Clark was radioing that he was engaged in pursuing the yellow car, Hudson Oaks dispatch was advising its officers about the communication from Fort Worth police. At that time, another Hudson Oaks police officer joined the chase and, eventually, so did units from the Parker County Sheriff's Office, the Weatherford Police Department, and DPS. Officer Clark was in the lead.

The driver of the yellow Pontiac did not pull over and continued to drive west on I-20 with Officer Clark and other officers following him. Once they were west of Weatherford, Officer Clark began to lose his radio signal and requested

3

his dispatcher to ask an upcoming DPS officer to take the lead.[3]   After the trooper, Ty McLaughlin,[4] caught up to the group, he moved into the lead.  Officer Clark slowed down, moved into the right lane of I-20, turned off his lights, and continued with the other officers in pursuit for about another twenty miles out of Parker County and into Palo Pinto County.  Officer Clark had lost radio contact, but he never lost sight of the yellow Pontiac.

DPS troopers eventually stopped the car in Palo Pinto County by using spike strips.  They arrested appellant, whom they determined had been driving, and a passenger whom officers had seen throwing a towel with a pipe in it out of the car.   Nevertheless, officers found methamphetamine, marijuana, and paraphernalia for smoking both in the car.  Officer Clark took appellant to jail.

A jury convicted appellant of evading arrest and assessed his punishment at fifteen years' confinement and a $7,500 fine.  The trial court sentenced him accordingly, and appellant filed this appeal.

### Article 38.23 Instruction

In his first issue, appellant contends that the trial court erred by refusing to include his requested article 38.23 instruction.

---

[3]Weatherford police discontinued the chase once the group was out of Weatherford.

[4]Officer McLaughlin testified that he initially clocked the yellow car at around ninety miles per hour on radar and that while he was in the lead, "speeds maintained around 90 to 100 miles an hour the entire time."  [vol 4 at 31, 33] Officer Clark testified that during the chase, he travelled between eighty and one hundred five miles per hour.

**Applicable Law**

Under article 38.23(a), "[n]o evidence obtained by an officer . . . in violation of any provisions of the Constitution or laws . . . shall be admitted in evidence against the accused" at trial. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005). When evidence presented before the jury raises a question of whether the fruits of a police-initiated search or arrest were illegally obtained, "the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." *Id.*; *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). To be entitled to an article 38.23(a) instruction, a defendant must show that (1) an issue of historical fact was raised in front of the jury, (2) the fact was contested by affirmative evidence at trial, and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence inadmissible. *Robinson*, 377 S.W.3d at 719. When a defendant successfully raises a disputed, material issue of fact, the terms of the statute are mandatory, and the jury must be instructed accordingly. *Id.* Evidence to justify an article 38.23(a) instruction can derive "from any source," no matter whether "strong, weak, contradicted, unimpeached, or unbelievable." *Id.* (quoting *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004)). But it must, in any event, raise a "*factual* dispute about how the evidence was obtained." *Id.* When the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application

5

of the law to undisputed facts, it is properly left to the determination of the trial court. *Id.*

**Application**

During the charge conference, appellant requested an article 38.23(a) instruction because he contended that the undisputed evidence shows that Officer Clark did not have probable cause or reasonable suspicion to detain him because Officer Clark's only reason for following the yellow Pontiac was unreliably based on hearsay. He did not point to any disputed material issue of fact, nor have we found any evidence controverting Officer Clark's testimony about how he was made aware of the fact that Fort Worth police had chased and were looking for the yellow Pontiac. Because appellant's objection applied only to the proper application of the law to undisputed facts, we conclude and hold that the trial court did not err by refusing to include an article 38.23 instruction in the charge. *See, e.g.*, *id.* We overrule appellant's first issue.

**Sufficiency of the Evidence**

In his second issue, appellant contends that the evidence is insufficient because there is a fatal variance between the proof at trial and the allegation in the indictment and jury charge that appellant had evaded Officer Clark. According to appellant, the evidence shows that Officer Clark "(1) turned off his lights and slowed down during the pursuit to let other law enforcement vehicles pass; and (2) did not *continue to* 'attempt to arrest or detain'" him. [Emphasis added.]

**Standard of Review**

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). To determine whether the State has met its burden under *Jackson v. Virginia* to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for

7

which the defendant was tried." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The law as authorized by the indictment consists of the statutory elements of the offense and those elements as modified by the indictment. *Id.*

There are two types of variances in an evidentiary-sufficiency analysis: material variances and immaterial variances. *Id.* at 9. Immaterial variances do not affect the validity of a criminal conviction; thus, a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *Id.* But a material variance renders a conviction infirm, and the only remedy is to render an acquittal. *Id.*

**Application**

Appellant argues that the evidence does not show that he evaded Officer Clark because "Clark testified that, at some point in the chase, he slowed down and let other peace officers pass him, and that Clark actually even turned off his lights at that time." Thus, according to appellant, the evidence is legally insufficient to show that he knew Officer Clark "was attempting to arrest or detain him by the end of the chase from Weatherford into Palo Pinto County."

Penal code section 38.04 provides that a person commits the offense of evading arrest by intentionally fleeing from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a) (West Supp. 2014). Using a vehicle during the flight elevates the offense to a third degree felony. *Id.* § 38.04(b)(2)(A). Appellant challenges the

8

sufficiency of the evidence to prove that he knew Officer Clark was a peace officer attempting to arrest or detain him.

The evidence shows that appellant's yellow Pontiac had very recently been involved in a chase with Fort Worth police after a Fort Worth police officer spotted the driver commit a minor traffic violation near a known location for drug use. Officer Clark testified that after he made a U-turn onto I-20 with lights and sirens on and tried to catch up to appellant's car, appellant sped up and began weaving in and out of traffic and passing traffic on the right shoulder. Appellant drove at high rates of speed for at least twenty miles on an interstate with multiple officers following him with their lights and sirens on. Although officers from different agencies moved in and out of the chase, and at one point Officer Clark slowed down, turned off his lights, and pulled over to the right, Officer McLaughlin immediately took Officer Clark's place with lights and sirens on. Appellant did not stop his car voluntarily, and the officers following appellant's car saw the passenger throw items from it after it hit the stop sticks. When DPS searched appellant's car, they found drugs and drug paraphernalia.

We conclude and hold that this evidence is sufficient to prove that appellant knew Officer Clark was a peace officer who was trying to arrest him for the purpose of proving the offense of evading arrest. *See, e.g.*, *Burgess v. State*, 448 S.W.3d 589, 596 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Baines v. State*, 418 S.W.3d 663, 670 (Tex. App.—Texarkana 2010, pet. ref'd). We overrule appellant's second issue.

9

**Conclusion**

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2015